IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CLEVERLAND MCGOWAN,**                                              **PLAINTIFF**

**V.**                               **NO. 4:05CV25-WAP-EMB**

**JODY BRADLEY, DELMAR MAXWELL,**
**PAM HORNE AND J. C. HARRIS,**
**WALTER HARRIS and "UNKNOWN" DUVANTE,**                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

On July 19, 2005, the *pro se* plaintiff, Cleverland McGowan, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently confined at Wilkerson County Correctional Facility in Woodville, Mississippi. His Complaint alleges that during his confinement at Delta Correctional Facility in Greenwood, Mississippi, he was assaulted on D-Zone of Deer Building by another inmate, Theodore Reynolds, and seriously injured. When the attack began, no correctional officers were present. During the attack, Reynolds took plaintiff in a headlock, cutting off his air supply. When officers Maxwell, Horne, J. C. Harris, Walter Harris and Duvante showed up, Reynolds still had plaintiff in a headlock. Plaintiff states defendants refused to physically do anything to help him but, instead, merely pleaded with Reynolds to let plaintiff go. Plaintiff states Reynolds eventually let him go, at which time the two inmates began to exchange punches. During the *Spears* hearing, plaintiff testified one of the officers sprayed him with mace to break up the fight.

Following the altercation, plaintiff was escorted by Lt. J. C. Harris to the medical unit, where plaintiff received treatment.

Plaintiff testified he has sued Jody Bradley in his capacity as warden of the facility because he is generally responsible for the housing of inmates and controlling the violence perpetrated at the facility. He has sued the remaining defendants because they failed to physically assist him while he was being choked by inmate Reynolds.

Prison officials have a duty to protect prisoners from violence by other inmates. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). To establish a failure to protect claim under § 1983, plaintiff must show that "he . . . [was] . . . incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F .3d 530, 533 (5th Cir.1995). A prison official cannot be found liable in his individual capacity for denying an inmate humane conditions of confinement unless the plaintiff can show the official was aware of facts from which the inference could be drawn that a substantial risk of harm existed and that he drew the inference. *Downey v. Denton County*, 119 F 3d 381, 385 (5th Cir.1997); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As an initial matter, plaintiff's claims against Defendant Bradley should be dismissed because he has failed to allege any specific wrongdoing by Bradley. In order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff's claims against the remaining defendants fail as well. Based on the Complaint and plaintiff's testimony, defendants had no warning nor any other basis to apprehend that

Reynolds would attack plaintiff.  Plaintiff is more aggravated by the fact that correctional officers did not do more to get Reynolds to let him go during the attack.  However, after officers verbally ordered him to let plaintiff go, Reynolds complied.  Plaintiff does not allege that Reynolds' failure to release him sooner caused any further injury.  Indeed, considering the fact that Reynolds responded to their verbal command, defendants correctly assessed the situation and avoided possible injury to themselves.  Based on this, plaintiff has failed to allege facts that indicate defendants were deliberately indifferent to his safety.  Accordingly, it is recommended that the Complaint be dismissed as frivolous.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 22nd  day of July, 2005.

                                            **/s/   Eugene M. Bogen**
                                            **UNITED STATES MAGISTRATE JUDGE**